## SAWYER *v.* KELLOGG.

*(Circuit Court, D. New Jersey.* November 19, 1881.)

**1. TRADE-MARKS—ACCOUNTING.**

K., who was engaged largely in the business of packing blues, on his own account and for others in the trade, put up the blues covered by the infringing trade-mark for the firm of B. & Co., who sold them, paying K. for the work and labor of packing them. K. was adjudged an infringer, an injunction issued against him, and the decree directed an accounting. On motion to strike from the decree the clauses directing an accounting, *held,* that the complainant was entitled to an accounting to enable him to ascertain what profits were made by K. by his work and labor, and what damages resulted therefrom.

**2. COSTS.**

In trade-mark cases the ordinary rule is that a decree for an infringement and an injunction carries costs; and this rule applies, though no demand was made before suit that the defendant should cease to use the infringing trademark.

On Motion to Amend Decree.

*George Putnam Smith,* for the motion.

*Rowland Cox, contra.*

NIXON, D. J. This is a motion to strike from the decree entered in the above case the clauses which direct an accounting and the payment of costs.

1. As to the accounting. The counsel for the defendant rests his application to strike out on two grounds: *First,* because the proofs show that the defendant is not the person liable to account to the complainant. The evidence is that the defendant was largely engaged in packing blues on his own account and for others in the trade; that all the blues covered by the infringing trade-mark were put up by him for the firm of James S. Barron & Co., dealers in wooden ware, rope, and cordage in New York, who placed the same upon the market; that he made no sales to any one of the articles thus packed,

but received pay from his employers solely for the work and labor of packing. The bill of complaint prays for an injunction, and for profits and damages. Having been adjudged an infringer of the trademark of the complainant, an injunction has been issued against him. Under the above state of facts, should he be compelled to account for profits and damages? We have no doubt about the propriety of the reference or of the liability of the defendant, if it can be shown on the accounting that profits were made by his work and labor, or that damages resulted to the complainant therefrom. If he did not sell, the profits on the sales are not chargeable to him; but if any profits came to him for preparing the article for those who did sell, they belong to the complainant, and the object of the accounting is to ascertain that fact. And if the defendant has damaged the complainant by the unlawful use of his trade-mark, the nature and extent of the damage is a proper subject of inquiry. *Second,* because the complainant has forfeited his right to an account by laches in bringing his suit. In England the rule is stringent in trade-mark cases that lack of diligence in suing deprives the complainant in equity of the right either to an injunction or an account. Our courts are more liberal in this respect. A long lapse of time will not deprive the owner of a trade-mark of an injunction against an infringer, but a reasonable diligence is required of a complainant in asserting his rights, if he would hold a wrong-doer to an account for profits and damages. This rule, however, applies only to those cases where there has been an acquiescence after a knowledge of the infringement is brought home to the complainant. Such is not the present case. Although the defendant began the packing of bluing in the packages complained of early in the year 1878, there is no evidence that the complainant knew it until a short time before the suit was brought.

2. As to the matter of costs. We find nothing in this case to take it out of the ordinary rule that a decree for an infringement and an injunction carries costs. The only reason suggested by the counsel for the defendant was that no demand was made before suit that the defendant should cease to use the label. We have never understood that in such cases a demand was necessary, nor that an infringer, who stoutly contests the suit to the end, should be relieved from the payment of the costs which have been incurred in consequence of his wrong-doing and his litigation.

The motion to strike out is overruled, but, under the circumstances, without costs, on the motion, to the complainants.